UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE JUSTIN COWAN,<br><br>    Petitioner,<br><br>    v.<br><br>J. SOTO, Warden,<br><br>    Respondent. | Case No.: 1:16-cv-00083-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 11)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING THAT CLERK OF THE COURT ASSIGN DISTRICT JUDGE TO CASE |

    Respondent contends the Court should dismiss the petition as unexhausted.[1] The Court agrees. filed the instant motion to dismiss the petition for lack of exhaustion on April 15, 2016. (Doc. 11).

**I.    DISCUSSION**

    A.  Procedural Grounds for Motion to Dismiss

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if it attacks the pleadings for failing to exhaust state remedies or for violating the state's procedural rules.

---

[1] Petitioner did not oppose the motion.

See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

### B. Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state the initial opportunity to correct the alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 (1992) (factual basis).

The petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66.

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001). Thus, where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the

petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

### C. Respondent's Motion

The instant petition raises the following claims: (1) Petitioner's conviction was obtained in part by use of an unlawful arrest pursuant to an illegal search warrant; (2) unconstitutional search and seizure pursuant to an illegal search warrant; (3) prosecutorial misconduct in failing to disclose evidence to Petitioner; and (4) ineffective assistance of counsel. (Doc. 1). In the petition, Petitioner checked the box indicating that he had not raised any of these claims in the California Supreme Court in his direct appeal. (Id.).

Concurrent with the filing of the motion to dismiss, Respondent lodged documents establishing that Petitioner did not present any of these claims to the California Supreme Court in the petition for review on direct appeal. (Lodged Document ("LD") 8; 9). Petitioner *did* file a state habeas petition in the Fresno County Superior Court in case no. 14CRW682414 and raised the issue of ineffective assistance of counsel for failing to argue against the validity of the search warrant. (LD 10; 11). Petitioner contends that because he raised the validity of the search warrant in the context of ineffective assistance of counsel, he "somewhat" raised claims one and two in that state petition. Respondent contends that raising the issue in the context of ineffective assistance of counsel did not "fairly present" the constitutional issues regarding the underlying legality of the search warrant.

The Court need not engage in parsing Petitioner's state habeas claim or splitting legal hairs to see if Petitioner met the "fair presentation" requirement because, regardless of the nature of the claims in the Fresno County habeas petition, those claims were never raised in a subsequent habeas petition in the California Supreme Court. Thus, any claims therein remain unexhausted. In sum, none of the four claims in the instant petition have been presented to the California Supreme Court as required by the exhaustion doctrine.[2]

Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756,

---

[2] Respondent correctly notes that, even if claims one and two were fully exhausted, they are not cognizable in these habeas proceedings pursuant to Stone v. Powell, 428 U.S. 465, 494 (1976). (Doc. 11, p. 4, fn. 3).

760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.  Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

## ORDER

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that Respondent's motion to dismiss (Doc. 11), be **GRANTED** and the habeas corpus petition be **DISMISSED** for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and **filed within 10 days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 20, 2016**           **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE